Milligan J.,
delivered the opinion of the Court.
*212 The question presented in this record, arises on the Will of Henry Hatcher, deceased, which, among others, contains the following provisions:
The testator, after providing for the payment of debts, and funeral expenses, out of any money that may come to the hands of his executor, proceeds, in the second clause, to dispose of three negroes under same restriction, which it is unnecessary further to notice.
In the third clause, he continues: “I desire my tract of land to be sold, by my executor; and I give him power to transfer the same, lying in District No. 1, Montgomery County; containing about two hundred acres. Terms — one third to be paid in cash to my executor, and the remainder to be divided into two annual installments, with bond and good security, a lien on the property until the money is paid; said land to be sold to the highest bidder.”
‘Fourthly, I give to Sallie Orgain, my sister, three thousand dollars in money, from the sale of my land, to be paid over to her by my executor, to be invested in such property as she needs, and at her death, the property to be divided equally among her children.”
“Fifthly, I give to Mary Susan Hatcher, my niece, a negro man, now in my possession, named John, who is about twenty-six years old. I also bequeath to Mary Susan Hatcher, eight hundred dollars from the sale of my lands.”
“Sixthly, I give to my niece, Jane Hatcher, two thousand dollars, from the sale of my land; the remainder of money, from the sale of land, if any, to be divided *213 equally between my two nieces, Mary Susan Hatcher and Jane Hatcher.”
There are other clauses in the Will which it is unnecessary,- in the discussion .of the question now presented, to notice. The entire Will, at a former Court was construed, and it now only remains to determine a question of interest, arising on the legacy of $3,COO, to Sallie Orgain.
The contest on the former hearing, in this case, appears to have been in relation to the funds, which were to be charged with the payment of debts. On the one hand, it was contended, that the legatees should contribute equally to the payment of debts; and on the other, it was argued, that the surplus proceeds of the land, was to be viewed as a residuary fund, and as such fund, to be applied to the discharge of the debts.
The Court held, that the legacies to Sallie Orgain, Mary S. Hatcher and Jane Hatcher, were demonstrative legacies, and payable out of the proceeds of the land, which immediately precedes the disposition of the surplus of that fund, which surplus was in the nature of a residuary bequest, and therefore first liable to be applied to the discharge of the debts of the estate: Darden, Ex’r, etc., vs. Hatcher et als., 1 Cold., 513.
It is conceded that the fund arising from the sale of the land was more than sufficient to pay off the legacies charged upon it, and the debts due from the estate; and also, that the executor has so executed the trust imposed upon him by the Will, as not, in any event, to- be charged with interest’on the legacies de propries bonis•
*214 The former decision of this Court haying settled the character of these legacies, and the fund first liable for the payment of debts, there remains but a single question for our determination, and that is, whether Sallie Orgain is entitled to interest on the legacies bequeathed to her, and if so, from what time ?
Interest is payable on money in general, on the ground of delay in liquidation of the principal; so also, with respect to legacies, it may be stated as a general rule, that it is payable on them from the time at which the principal becomes actually due, 2 Roper on Leg. 184. Rut a very well defined distinction is taken between specific and general legacies. The former are considered as severed from the bulk of the testator’s property, by operation of the Will, from the death of the testator, and as specifically appropriated with the increase and emolument, for the benefit of the legatee from that-period; so that interest is computed on them from the death of the testator; and it is immaterial whether the enjoyment of the principal is postponed by the testator to a future period, or not: 2 Williams on Ex’rs, 1283 ; 2 Roper, on Leg., 184. See also, Jones vs. Ward, 10 Yer., 168.
Not so with the latter, or general legacies. They, in their nature, carry interest as in the case of other claims, with that incident, but the interest is computed from the time the principal is due and payable, if such time can be inferred from the Will; but if not, and no time of payment is fixed, the law, for conveniance, has prescribed the general rule that interest shall be computed from the end of one year from the testator’s *215 death: 2 Williams on Ex’rs, 1284; 2 Roper on Leg., 185; also, Mills, Adm’r, vs. Mills et als., 3 Head, 70
But the legacy to Sallie Orgain, in the former opinion of this Court in this case, was held to be a demonstrative legacy, therefore not strictly general or specific. A legacy of quantity, is, ordinarily, a general legacy, but there are legacies of quantity in the nature of specific legacies, as of so much money, with reference to a particular fund for payment. This kind of legacy, as was previously determined in this case, is called by the civilians a demonstrative legacy; and it is s > far general, and differs so much in effect from one properly specific, that if the fund be called in, or fail, the legatee, will not generally be deprived of his legacy, but be permitted to receive it out of the general assets; yet, the legacy is so far ' specific that it will not be liable to abate with general legacies upon a deficiency of assets: 2 Williams on Ex’rs, 1042; 1 Roper on Leg., 153.
It may, however, be remarked, that demonstrative legacies of money, payable out of a particular fund, conforms, in many respects, more to the incidents and analogies of general, than of specific legacies: 2 Redford on Wills, 529. And in this view, as well as the general indisposition of Courts of Equity, to declare legacies specific, and the circumstances surrounding this case, we are of the opinion that the legacy to Mrs. Orgain, does not fall within the rule governing that favored class of legacies which carry interest from the death of the testator.
*216 The Will directs the executor to sell the land out of which the legacy in question is to be raised, for one third of the purchase money in hand, and the remainder payable in two annual installments. The sale was promptly made in pursuance to the provisions of the Will. One third of the purchase money was paid down, and notes, as required by the Will, taken for the other two thirds, due and payable at one and two years, without interest. True, the testator does not, in terms, fix the time, at which the legacies charged on the land, are to be paid, but it is plainly inferable, that he did not contemplate their payment until the fund necessary to do so could be raised from the sale of the land upon the terms and conditions he had himself prescribed. It follows, therefore, as a necessary sequence, that the legacies were due at the time fixed by the testator to raise the fund for their payment; and that Mrs. Or-gain is entitled to interest on a ratable proportion of the cash payments from the date of the sale of the land, and interest on the remainder of her legacy, from the time the first note fell due, and carried interest in December, 1858.
It can make no difference, if any part of the proceeds of the sale of the land was taken by the executor to pay off the general creditors .of the estate, as the debts, by the former decision of this Court, was held to be properly chargeable to the residuary surplus remaining after paying the demonstrative legacies and a payment by the executor, of any part of the debts, before the residuary surplus was ascertained, only operated to relieve that fund of interest which would have *217 accumulated on tbe debts; and it must now be charged with the interest arising on the legacy to Mrs. Orgain, as above indicated.
The decree of the Chancellor is erroneous, and must be modified according to the principles announced in this opinion.